The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning everyone. First case this morning is number 08-7130 Coach against the Department of Veterans Affairs. Ms. Mehta. Good morning, your honors. Sonal Mehta from Weill, Gottschall & Mangese on behalf of the appellant, Mr. Coach. Your honors, this case presents one simple legal question. The proper interpretation of section 4.7 of the VA's regulations in cases where the diagnostic criteria are listed in the conjunctive. The agency's position and the veteran's court's rule was that section 4.7 can never apply in situations where the diagnostic criteria are listed in the conjunctive because there can never be a question as to what the appropriate diagnostic criteria are, sorry, what the appropriate disability rating is. The problem with that interpretation is that it rests on the assumption that diagnostic criteria are always binary, that it's always easy to say it's yes or no and it's very clean and there's never any subjectivity, there's never any qualitative or quantitative analysis that needs to happen. But as we all know, that's not true when it comes to assessing the medical condition of people. These are people with real medical situations and it's not always easy to say this is cleanly a yes or cleanly a no. It's not always a binary decision. But isn't that really a determination of factual application of law to facts? Is that what you're arguing? No, Your Honor, I'm glad you asked that question. We're certainly not arguing for this court to apply law to fact. The point, however, is that the agency has made a legal determination, an interpretation of the regulation that says it can never be the case that there is a question of law, I'm sorry, a question of what disability rating to apply in cases where the diagnostic criteria are in the conjunctive. That's a legal decision. I think they're just saying that if you have these criteria that are listed, that you have to satisfy those criteria. That doesn't seem to be an unusual holding. It still leaves room for 4.7 in situations in which there might be overlapping criteria between two different ratings. But that's not the situation here. What's the matter with just saying, OK, here's the standard, requires A, B, and C for this rating, and there it is? I think that's right, Your Honor, except that I don't think that that's what happened at the Veterans Court and I don't think that's what the Secretary is urging to happen. So Your Honor's correct. If it was clearly a situation where there's no question as to what disability rating applies, if you look at the diagnostic criteria, if it's clearly a yes or a no, it's a 20 or a 40, then Your Honor's right. There wouldn't be a question. Section 4.7 wouldn't come into play. The problem is that they haven't taken the position that in this case, Section 4.7 didn't apply because there's no question on these facts. The problem was that there was a legal determination made that Section 4.7 can never apply when there's conjunctive criteria because that question can never arise. Why should we read it that way? Well, I think Your Honor shouldn't read it that way. I think Your Honor should interpret Section 4.7 the way it was. Why should we read the Veterans Court opinion that way? I think that's exactly what they said, Your Honor. What they said was the board... So let me step back for a second. On appeal to the Veterans Court, Mr. Coach took the position that the board had failed to provide adequate reasons for the determination. The grounds for that were that the board failed to apply Sections 4.7, 4.3, and 4.21. On appeal, they asked the Veterans Court to remand to the board to apply those sections and to provide reasoning as to if they don't apply, why they don't apply. What the government argued in response was there was no error in not addressing 4.7 because 4.7 doesn't even come into play because there can't be a question as to what rating applies where there's a conjunctive. The Veterans Court adopted that position in its ruling. It said there was no error in failing to even address 4.7 because 4.7 simply can't apply. That's the problem. It's not whether or not 4.7 applies in this particular situation. That's not an issue for this court today. That's an issue for the Veterans Court on remand. The question is, was the board required to even apply 4.7? What would you argue if we remanded this case to the Veterans Court? What would you argue the interaction between 4.7 and these other provisions would be? How would the veteran win if we remanded? I think the way the veteran would win in this case would be if we were to remand the case, if you were to remand the case to the Veterans Court, we would argue to the Veterans Court that in this case, there was a question as to which disability rating applies between the 40% and the 60%. The reason for that is because although there was evidence of regulation of activities, it wasn't found to be sufficient. We're not challenging that factual finding on appeal. It wasn't found to be sufficient for a 40% rating or 60% rating. If you look at the circumstances of Mr. Coach's condition, he had everything for 20, everything for 40, except for enough regulation of activities to 40% rating. 60%, he had everything for 20, 40, and a number of the issues, a number of the conditions that were required for 60% rating. He's had frequent hospitalization. He's had neuropathy, so on and so forth. What we would argue would be, look, in this case, it's not a binary. It's not a clean decision. You can't just say quantitatively it's X or Y. This is a man with a condition that doesn't fit squarely into a box. The Veterans Court should remand to the on these facts, his condition most closely approximates 4.7. That's all 4.7 does. It says, look, we understand that it's not always going to be a perfect match to certain diagnostic criteria, but the point is to make sure justice can be done. You want to go back to the Veterans Court to argue that they should ignore some of the criteria for a 60% or 40% rating and he didn't satisfy the criteria. I don't think that's quite right, Your Honor. I think it's true that we would argue to the Veterans Court that it shouldn't be a rigid application of the diagnostic criteria for 79.13. I think that's consistent with Part 4, which is that you don't have to apply each criteria rigidly and have every person meet it exactly. I think that's repeated throughout Part 4 of the regulations, is this recognition that it doesn't need to be rigid. It needs to be flexible. Consistent with that, we would argue, look, he's got a lot of what is required for 60. He's got what's required for 40, we think, although regulation of activities didn't meet the amount that was required for purposes of the 40% rating before the board. And on those facts, the way justice can be done for this veteran in this case is through application of 4.7. Now, that's a question for the Veterans Court and for the board. And the question for this court is whether Mr. Coach should at least be entitled to that the determination. But 4.7 does not mandate that the board apply a higher rating, does it? No, Your Honor. It's still optional on their part. It's still discretionary. Absolutely, Your Honor. If, in fact, they have indirectly applied 4.7, why should we send it back? What action would they take that would be different? I think the problem, Your Honor, is on this record, they haven't applied 4.7. So if you look at the board decision, what the board did was it listed a number of different regulations that apply in these sorts of situations. And then it applied some of those regulations and didn't apply others. 4.7 is listed in a recitation of applicable regulations, but it's never addressed. And none of the underlying analysis of 4.7 is even hinted at in the board's decision. There's no assessment of whether his condition most closely approximates 20 or 40 or 60. It's simply he doesn't meet regulation of activities. He doesn't qualify for 40%. That's the end. That was the factual finding and the legal conclusion. And there's no indication in the board's ruling that they actually applied 4.7. But they did apply 79.13. Yes, Your Honor. Which essentially provided them with an opportunity to say only 20% was a disability factor and not 40% or 60% or 100% based upon the proper indications of that regulation. So that was properly applied. I think, Your Honor, 79.13, the diagnostic criteria, was applied on its face. Certainly, they looked at the 20%, the 40%, the 60%. They made the factual finding, and then they made the legal determination as to what the appropriate rating was. The problem was that they didn't take into account Section 4.7 and the fact that just because he didn't meet the regulation of activities to the full extent you would need for 40% rating doesn't mean that his overall condition doesn't most closely approximate a higher rating, including in this case, a 60% rating. And the problem with that is 4.7 should be applied to at least allow for that determination to be made by the board. That's the question. It sounds to me as though you're asking us to remand so that you can make what's an incorrect legal argument, and that is that 4.7 should overcome the specific requirements of these ratings provisions. And if we conclude that you're wrong and that 4.7 doesn't overcome the specific requirements of the rating provisions, any error in not discussing 4.7 is harmless, isn't it? I think that's correct, Your Honor. If the determination is that 4.7 can't apply in this circumstance because the clean application of 79.13, the clear application of the diagnostic criteria means there cannot be a question as to what rating most closely approximates Mr. Koch's condition. But I think the underlying premise of that is that in this case, there was no question as to what diagnostic criteria apply. And that's a factual question. And the board didn't reach that factual question because it found as a matter of law that it couldn't reach that question. Because in the case of a conjunctive diagnostic criteria, there can never be uncertainty as to what disability rating applies. I think that's the problem. That's what I'm trying to focus on, to focus on the question of law that you're telling us was incorrectly decided. And this is it then, that as a matter of law, 4.7 doesn't have to apply. The legal issue that we're asking the court to decide is whether 4.7 excludes as a matter of law all diagnostic criteria that are listed in the conjunctive, which is the agency's interpretation and the secretary's position on appeal. Whether it excludes it or not doesn't demonstrate a reversible error of law, does it? It's a question of application to fact. I don't think so, Your Honor. I think that that's not the case. The reason for that is simple. The ruling was, before the Veterans Court, was there was no error not even applying 4.7 because as a matter of law, it could not apply. It is excluded. Any situation where the diagnostic criteria are listed in the conjunctive simply does not even implicate Section 4.7. That's a purely legal question. And the question for this court is, is there an exception to Section 4.7 for disability ratings where the diagnostic criteria are listed in the conjunctive? And if there is an exception for that, then you're right. We should all go home. But if there's not an exception to Section 4.7 for those diagnostic criteria that are listed in the conjunctive, then it is the job of the Veterans Court and the board to apply 4.7 anytime there's a question as to which rating to apply. That's not necessarily going to be true in every case. In fact, the board might find that on this case, there's not a question. But there needs to at least be that analysis under Section 4.7. There can't be a bright line rule, which is what's being urged. Aren't you saying basically that the conjunctive then would be eliminated by 4.7 in every single one of the CDs? I don't think so, Your Honor, and I'll explain why. There's certain cases in which diagnostic criteria are going to be very clear, very binary. Either something happened or it didn't happen. Either the person visited the hospital for this condition or they didn't. So why isn't this one of those situations? Because regulation of activities isn't necessarily a binary thing. There was evidence on both sides on regulation of activities before the lower court. And the question is whether you can say regulation of activities is a checkbox sort of thing. It's not. There's some things that are going to be just binary. You can rule one way or the other. There's other things that are going to require more nuanced assessment of the person's condition. And that's exactly why 4.7 says when there's a question, you should make a ruling. Let's hear from the other side. We'll save you some rebuttal time. Thank you, Your Honor. And we'll see what the government has to say on these points. Good morning. May it please the court. Mr. Coach is displeased with his 20% disability rating and he is essentially asking the court to revisit that rating, to reweigh the evidence, and basically to apply the law to the facts of this case, which is beyond the jurisdiction of this court. To the extent that the court finds that there is a statutory or a regulatory interpretation question,  Mr. Coach's case correctly. I mean, she is. Isn't Mr. Coach arguing that basically the Veterans Department and the Court of Appeals there did not apply 4.7? That they just skipped over that particular regulation? There's no indication that they considered it with respect to the diagnostic analysis? They just said it doesn't exist, basically. We don't need to apply it. They have presented this as we sort of believe they are translating what is a factual question into a statutory interpretation question. In essence, they're suggesting that Mr. Coach received a 20% disability rating and he in fact merits a 60% disability rating, which would in essence ask this court to reapply the law to the facts of this case. I'm not so sure. I think that they're arguing a legal question. They're saying 4.7 means that you don't apply these diagnostic criteria mechanically. And even though the regulation of activity criterion wasn't met, you can still get a higher than 20% rating. That seems to be a legal question as to whether that's true or not. They may be wrong, but it seems to be a legal question as to whether 4.7 should be read as overriding what seems to be specific criteria in the diagnostic cuts. Well, to the extent this court does find that it is a statutory or regulatory interpretation, we think that the Veterans Court applied the law correctly. Section 4.119 requires that for a rating of higher than 20% for diabetes- We can just decide what the correct law is, right? We don't have to worry about whether they got it right or wrong. If they lose under the correct law, it's over, right? Yes, Your Honor. And your argument is they lose under the correct law that you have to follow the diagnostic cuts. Yes, Your Honor. To the extent that the court looked at the three criteria, in this case, there was no question about the regulation of activities prong. The court did not- Mr. Coach has not challenged it on appeal. And as the Veterans Court- We're arguing the facts. And I think let's focus on what we've been asked to determine as to the law. In terms of the law, Your Honor, we think it's clear cut. There is clearly, as this court recognized in Boyle versus Nicholson, and also in Watson versus the Department of the Navy, when there are three criteria that use the conjunction and, then that suggests that there are three threshold criteria that must be met. The agency is not arguing in this case that there can never be a situation under 4.7 where there are three criteria that use the conjunction and there are two disability rating schedules to be compared. However, in this case, we do not believe that there was a question that was raised and, therefore, the decision of the Veterans Court was appropriate. But you really wouldn't be able to even reach that point if you don't use 4.7, right? If you use 4.7 at that point in time, then you really need to take a look at the diagnostic table to make a determination whether the conjunctive at that point is really an or instead of an and. Or there may also be a situation where there was a more substantial question raised in the record. However, here it was very clearly found that there was no regulation of activities. The court and the Veterans Board found that there was no specific evidence in the record. And regulation of activities in this case is a very important criteria. As 4.21 and 4.1 highlight, the total disability rating is based upon impairment of function. It's based on the disability to, you know, how limited the Veteran is in obtaining work. In this case, if there is no regulation of activities, that would seem to be one of the most important criteria in the ability or in the limitation of being able to work. Well, is that an additional element that's added that has to be analyzed or is that one of the elements? Is it one of the elements or is that an additional element that needs to be analyzed? I don't believe it's an additional element. We're just simply looking at the facts of this case. It seems that the regulation read in light of this Part 4 of this regulatory section that the regulation of activities would be a particularly important criteria in looking at the limitation or impairment of function, which is also one of the overriding guidelines. Anything else you want to tell us? I gather since you appear reluctant directly to confront your opponent's arguments as to the law having been and the regulations having been incorrectly interpreted as a matter of law, that you see some merit to those arguments? No, Your Honor. We think the law was applied correctly in this case. We don't think it was any question. We're not talking about the application of the law to the facts. We're talking about the interpretation of the regulations in the law. Well, pursuant to 4.7, a question would have to apply in terms of determining whether one or the other diagnostic schedule was appropriate. In this case, we believe that no question arose and therefore it would not be necessary to apply a higher rating schedule. There simply in this case just was no question and that has to be, there has to be a question that's raised before a higher rating schedule would be applied and here is the way the court interpreted the law we believe was correct. But 4.7 is really a very simple regulation. It states that the higher evaluation will be assigned if the disability picture may nearly approximate the criteria required for that rating. So if it's approximate and it's required by that rating, what does the term approximate mean? Close? Does it have to be right on or does it have to be just extremely close? Is it going to be gray instead of black or white? The rating, the regulatory criteria does allow for some shades of gray, but again, looking at this case, we don't believe there is no shade of gray. It was a, there was no question that arose on the facts of this case and there would be no question here or there would be no necessary, as the court found, it was not necessary to apply 4.7 because there was no question that arose between the various rating criteria. 4.7 is used where there's an ambiguity and there's no ambiguity. Yes, your honor. In this, in this rating schedule. Yes, your honor. So you're agreeing that it's a binary determination made by the Veterans Administration. It's either black or white. There's no gray in it at all. There may be situations where it is, there is gray, but this is not one of those situations. There may be a situation where there was more substantial evidence in the record, but that is, that is simply not the case here. There is, the court determined that section 4.7 did not apply in this case. And based on Mr. Coach's appeal, again, he hasn't challenged that there was even regulation of activities. We believe it was the correct application of law in Mr. Coach's case. Will it make any difference if the Veterans Administration said, we have looked at 4.7 and it does not apply at all? They didn't do that, did they? Here it said, I believe- One of the regulations that they considered, but there was no application of that regulation. Well, the court said, Mr. Coach's assertion that the board failed to apply 4.7 is not persuasive because application of 4.7 is only warranted where there is a question as to whether two evaluations should be applied. And here, the court, here, the Veterans Court and the board simply did not find that that ambiguity or question arose. And therefore, the application of 4.7 was not merited. Was that the board that said that? That was a court. The Veterans Court. Not the board. The board never replied 4.7, did they? But the Veterans, but looking at the board's decision, the board did clearly look at Mr. Coach's overall condition. The court noted that there was no regulation, no specific evidence of regulation of activities in the record. And the board also noted that it could find no documentation regarding Mr. Coach's hospitalizations. But they did not apply 4.7? They did not specifically say that they applied 4.7, but it is evident from the record that they looked at the overall picture. And they looked at the 40%, they looked at the factors that would have been in a 60% disability rating schedule. Well, I would feel much more comfortable if they at least had said, we looked at 4.7 and we find it inapplicable in this particular case because of A, B, and C. That would have been the proper way to at least approach the problem. That may be, Your Honor. But again, looking at the regulatory schedule, they did, I guess they didn't specifically state that matter. They did, looking at their decision, they did look at, they did compare the two diagnostic rating schedules. They did try to look at, I believe it's in Joint Appendix, page 19. They did look at other evidence, which would have been in the 60% rating. They did look at the hospitalizations. So even if they didn't specifically say 4.7, they did look at Mr. Coach's overall disability picture, so to speak. Any more questions? Thank you, Ms. Gray. Thank you. Yes, the court affirmed the Veterans Court's decision for the reasons stated in our brief and in our argument today. Thank you. Thank you. Ms. Mayta, you have a little time. Thank you, Your Honors. I'll be very brief. I think there was one thing that the government said in its argument that was incredibly important, which is that there are shades of gray. There are shades of gray in applying diagnostic criteria. It's common sense that that's true, and the regulations repeatedly, repeatedly, repeatedly emphasized that, including when the- The Veterans Court said there wasn't any shade of gray issue here. That's not wrong, is it? The Veterans Court said there was no shade of gray issue here because there could never be a shade of gray issue here because the diagnostic criteria are listed in the conjunctive. Now, I understand Your Honor's concern that we're reading out the and from the diagnostic criteria, but I don't think that's what's happening. There's two points. One is we're not reading out the and. The diagnostic criteria are supposed to be read in light of the guidance of part four, that it shouldn't be applied rigidly and mechanically, and that we should give the veterans the benefit of a look at the overall picture. We're not applying them rigidly. 4.7 isn't used to read out the requirements of the diagnostic criteria. It works in tandem with the diagnostic criteria to make sure that in each case, justice is being done. The second point is that it might be true that you're reading out diagnostic criteria if each of the criteria is purely binary. If it's something that can quantitatively be decided as a yes or a no in every case, then section 4.7 never comes into play and it's never an issue, but it can't be a binary decision when we're looking at things like regulation of activities. When we're looking at, and not just in the case of diabetes, but in the case of all of these different diagnostic criteria, we're looking at medical conditions that can't be put squarely on one side of the line or the other. That's exactly what 4.7 and the rest of part four emphasize should be done. When the VA promulgated section 4.7, actually, when the VA promulgated the diagnostic criteria that we're looking at here, it expressly said that. It expressly said, the way we're going to make sure that we're applying this fairly is 4.7. That's all we're asking for today is a ruling from the court that 4.7 applies as a matter of law, and then that the veterans court and the board should apply it. In some cases, it'll never be an issue because there is no question. It can very cleanly be decided. In other cases, there is an issue. Really, the point is whether or not we're looking at shades of gray or black and white. The VA has reputedly said that we're looking at shades of gray, and that's what makes sense. In those cases, we need 4.7 to make sure that in a particular case where there is gray, the justice is being done for that particular veteran. Okay. More questions? Thank you, Ms. Bader. Ms. Speck, the case is taken under submission.